IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| GRANGE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CIVIL ACTION FILE NO. 6:12-cv-00063-BAE-GRS |
| SHAD DASHER, Individually; KARIN DASHER, Individually; VIDALIA ORGANICS, INC. a/k/a SHAD and KARIN DASHER d/b/a GLENNVILLE PRODUCE CO.; MARIA SERRANO; J. ENEDINO FAJARDOCEBALLOS; KATHLEEN WAGNER; CHARLES WAGNER; JOSHUA BLAKE; METROPOLITAN GROUP PROPERTY & CASUALTY INSURANCE; and RSC EQUIPMENT RENTAL, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SHAD DASHER, KARIN DASHER, AND VIDALIA ORGANICS, INC.

COME NOW the Defendants SHAD DASHER, KARIN DASHER, and VIDALIA ORGANICS, INC. ("Defendants") and respectfully file this, their Answer and Affirmative Defenses to the Complaint for Declaratory Judgment, showing the Court as follows:

### FIRST DEFENSE

For a separate and distinct defense, Defendants show that the facts alleged in the Plaintiff's Complaint are insufficient to state a claim against Defendants upon which relief may be granted.

**SECOND DEFENSE**

For a separate and distinct defense, Defendants show that the Plaintiff's claim against them is barred by contract.

**THIRD DEFENSE**

For a separate and distinct defense, Defendants show that the Plaintiff's claim against them is barred by the failure of conditions precedent.

**FOURTH DEFENSE**

For a separate and distinct defense, Defendants show that the Plaintiff's claim against them is not ripe for consideration by the Court.

**FIFTH DEFENSE**

Defendants further respond to the specific allegations in Plaintiff's Complaint as follows:

**SPECIFIC RESPONSES**

1.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint.

2.

Defendants deny the allegations contained in Paragraph 2 of the Complaint and show the Court that Defendant Shad Dasher resides in Long County, Georgia.

3.

Defendants deny the allegations contained in Paragraph 3 of the Complaint and show the Court that Defendant Karin Dasher resides in Long County, Georgia.

4.

Responsive to the allegations contained in Paragraph 4 of the Complaint, Defendants deny that Defendant Vidalia Organics, Inc. is known by any other name and deny that it does business under any other name. Defendants admit that Shad J. Dasher is the Registered Agent of Vidalia Organics, Inc., a Georgia corporation, with an office address of 184 Dasher Family Lane, Glennville, Tattnall County, Georgia, 30427.

5.

Defendants admit the address alleged in Paragraph 5 of the Complaint. Defendants deny the allegation that Vidalia Organics, Inc. is known by any other name and that it does business by any other name.

6.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint.

7.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

8.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint.

9.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint.

10.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint.

11.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint.

12.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint.

13.

Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.

Paragraph 14 of the Complaint requires no admission or denial.

15.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint.

16.

Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17.

Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18.

Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19.

Regarding the allegations contained in Paragraph 19 of the Complaint, Defendants admit that Vidalia Organics, Inc. operates an onion farm near Glennville, Georgia, but deny the allegation that Vidalia Organics, Inc. is known by any other name and that it does business by any other name.

20.

Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21.

Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22.

Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23.

Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24.

Regarding the allegations contained in Paragraph 24 of the Complaint, Defendants note that the Plaintiffs in the "Wagner Action" have alleged that the date of the incident out of which that suit arose occurred on May 12, 2010, not May 12, 2012. Defendants admit the remainder of the allegations contained in Paragraph 24 of the Complaint.

25.

Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26.

Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27.

Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28.

Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29.

Defendants admit the allegations contained in Paragraph 29 of the Complaint.

30.

Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31.

Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32.

Regarding the allegations contained in Paragraph 32 of the Complaint, Defendants note that the Plaintiffs in the Metropolitan subrogation action have alleged that Kathleen Wagner sustained property damages in an incident occurring on May 12, 2010, rather than May 12, 2012. Defendants admit the remainder of the allegations contained in Paragraph 32 of the Complaint.

33.

Regarding the allegations contained in Paragraph 33 of the Complaint, Defendants note Third Party Defendant to the Metropolitan subrogation action, RSC Rental Equipment, Inc. has alleged that it entered into a rental agreement with Glennville Produce on April 19, 2010, not April 19, 2012 (Ex. C ¶6). Defendants admit the remainder of the allegations contained in Paragraph 33.

34.

Defendants admit the allegations contained in Paragraph 34 of the Complaint.

35.

Defendants admit the allegations contained in Paragraph 35 of the Complaint.

36.

Defendants admit the allegations contained in Paragraph 36 of the Complaint.

37.

Defendants incorporate by reference their responses to Paragraphs 1 – 36 as if fully set forth herein.

38.

Defendants admit the allegations contained in Paragraph 38 of the Complaint.

39.

Defendants admit the allegations contained in Paragraph 39 of the Complaint.

40.

Defendants admit the allegations contained in Paragraph 40 of the Complaint.

41.

Defendants admit the allegations contained in Paragraph 41 of the Complaint.

42.

Defendants admit the allegations contained in Paragraph 42 of the Complaint.

43.

Defendants admit the allegations contained in Paragraph 43 of the Complaint.

44.

Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.

Defendants incorporate by reference their responses to Paragraphs 1 – 44 as if fully set forth herein.

46.

Defendants admit the allegations contained in Paragraph 46 of the Complaint.

47.

Defendants admit the allegations contained in Paragraph 47 of the Complaint.

48.

Defendants deny the allegations contained in Paragraph 48 of the Complaint as the document speaks for itself.

49.

Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.

Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.

Defendants incorporate by reference their responses to Paragraphs 1 – 50 as if fully set forth herein.

52.

Defendants deny the allegations contained in Paragraph 52 of the Complaint.

WHEREFORE, Defendants request that the Complaint be denied, with all costs cast against the Plaintiff; that this Court affirm Plaintiff's coverage of the Defendants for any damages resulting from the incident described therein; and for all further relief this Court deems proper.

RESPECTFULLY SUBMITTED this 29th day of August, 2012.

BROWN ROUNTREE PC

By: /s/ George H. Rountree
George H. Rountree
Georgia State Bar No. 616205
george@br-firm.com

By: /s/ Kathy L. Anderson
Kathy L. Anderson
Georgia State Bar No. 105476
kathy@br-firm.com

Attorneys for Defendants Shad Dasher, Karin Dasher, and Vidalia Organics, Inc.
P.O. Box 1988
Statesboro, GA 30459
(912) 489-6900 (telephone)
(912) 764-2251 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| GRANGE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 6:12-cv-00063-BAE-GRS |
| SHAD DASHER, Individually; KARIN DASHER, Individually; VIDALIA ORGANICS, INC. a/k/a SHAD and KARIN DASHER d/b/a GLENNVILLE PRODUCE CO.; MARIA SERRANO; J. ENEDINO FAJARDOCEBALLOS; KATHLEEN WAGNER; CHARLES WAGNER; JOSHUA BLAKE; METROPOLITAN GROUP PROPERTY & CASUALTY INSURANCE; and RSC EQUIPMENT RENTAL, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served the within and foregoing ANSWER AND AFFIRMATIVE ANSWER OF DEFENDANTS SHAD DASHER, KARIN DASHER, AND VIDALIA ORGANICS, INC. to all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

                                              Peter D. Muller
                                              Kristen S. Cawley
                                              pmuller@gmlj.com

This the 29th day of August, 2012.

                                              BROWN ROUNTREE PC

                                              /s/ Kathy L. Anderson
                                              Kathy L. Anderson
                                              Georgia Bar No. 105476
                                              kathy@br-firm.com

Attorneys for Defendants Shad Dasher, Karin Dasher, and Vidalia Organics, Inc.
P.O. Box 1988
Statesboro, GA 30459
(912) 489-6900 (telephone)
(912) 764-2251 (facsimile)