IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| GRANGE MUTUAL INSURANCE COMPANY,  )<br> )<br>    Plaintiff                                  )<br> )<br>v.                                                   )<br> )<br>SHAD DASHER, individually, KARIN        )<br>DASHER, individually, VIDALIA ORGANICS, )<br>INC. a/k/a/ SHAD and KARIN DASHER      )<br>d/b/a GLENNVILLE PRODUCE CO.;           )<br>MARIA SERRANO; J. ENEDINO               )<br>FAJARDOCEBALLOS; KATHLEEN WAGNER; )<br>CHARLES WAGNER; JOSHUA BLAK;         )<br>METROPOLITAN GROUP PROPERTY &      )<br>CASUALTY INSURANCE; and RSC             )<br>EQUIPMENT RENTAL, INC.,                  )<br> )<br>    Defendants                              ) | Civil Action<br>File No.: 6:12-cv-00063-BAE-GRS |

**DEFENDANTS KATHLEEN WAGNER, CHARLES WAGNER, AND JOSHUA BLAKE'S BRIEF IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STAY**

**I.     GENERAL BACKGROUND**

This case arises out of a collision between the vehicle in which Defendants Kathleen and Charles Wagner and Defendant Joshua Blake (hereafter the Wagner Defendants) were riding and a heavy duty Skytrak forklift on the night of May 12, 2010. The Wagner vehicle encountered the Skytrak forklift, which was being driven and operated by Defendant Fajardoceballos on Highway 196, in Tattnall County, at about 9:30 p.m. At that time, the forklift, which has a maximum speed of twenty miles per hour, had no taillights, no reflective materials or emblems on the rear to indicate that it was a slow moving vehicle, and no amber flashing strobe light, as required for a slow moving vehicle under Georgia law. The forklift did have at least one,

possibly two (although this is a fact in dispute between the parties), white work lights facing to the rear of the forklift. Rear facing white lights also violate Georgia law for vehicles operating on the state's highways.

The forklift in question had been rented from RSC Rental by Defendant Shad Dasher d/b/a Vidalia Organics (the Dasher entities). Defendant Fajardoceballos was operating the forklift in conjunction with the harvest of onions on behalf of the Dasher entities. There is a factual dispute between the parties as to whether Mr. Fajardoceballos was an employee or agent of the Dasher entities, or whether he was an independent migrant laborer who had been provided as labor to the Dasher entities by Defendant Maria Serrano.

On April 28, 2011, the Wagner Defendants filed a Complaint in the State Court of Tattnall County to recover for personal injuries they suffered in the collision between their vehicle and the forklift. Among the allegations in the Wagners' Complaint was that Defendant Fajardoceballos was an employee or agent of the Dasher entities. This is an issue that will ultimately be decided by a jury of the citizens of Tattnall County. At no time in the Wagners' Complaint filed in the State Court of Tattnall County did they allege that Defendant Maria Serrano was an employee or agent of the Dasher entities, nor have they maintained such during the course of that litigation.

The state court action, which was filed in April 2011, has been actively litigated since that time. The case was placed on a Trial Calendar in September but was continued due to a conflict with the schedule of one of the defense attorneys. The parties are now hopeful that this case will be tried in the December Trial Term of the State Court of Tattnall County. Trial depositions of treating physicians are scheduled and are taking place currently.

On August 14, 2012, 16 months after the Wagners and Joshua Blake initially filed their personal injury action in state court, Grange Mutual Insurance Company filed the present Declaratory Judgment action in the Federal Court for the Southern District of Georgia. At the time of this filing, the underlying state court action had already been placed on the September 2012 Trial Term, from which it was ultimately continued.

Plaintiff's Complaint for Declaratory Judgment cites the Grange policy of insurance, Policy No. FO2736564-00, which specifically defines in paragraph 8(b) the term "insured" to include "any of your employees." The Grange Complaint then goes on to state that Defendant Dasher asserts that neither Defendant Fajardoceballos, nor Defendant Serrano are employees of any of the Dasher entities.

In fact, the question of whether Defendant Fajardoceballos and Defendant Serrano are or were employees of the Dasher entities is one of the primary issues to be determined by a jury in the state court action.[1]

As opposed to a typical Declaratory Judgment action involving insurance coverage, Grange is not asking this Court to interpret the terms of the insurance policy in question and rule on what the terms mean. Instead, Grange has brought this action before this Court simply to ask it to make a factual determination as to whether Defendant Fajardoceballos and/or Defendant, Serrano are employees of any of the Dasher entities. If this Court finds that the Defendant Fajardoceballos and Defendant Serrano are employees, then coverage would obtain by the terms of the policy. If the Court rules that Defendant Fajardoceballos and Defendant Serrano were not employees, then there would be no coverage.

---

[1] As pointed out above, Defendants herein have never contended that Defendant Serrano was an employee of any of the Dasher entities. However, for the purposes of this motion, assuming that Defendant Serrano's status is at issue, that is clearly an issue that a jury in Tattnall County would be asked to decide.

Because the factual question as to the employment status of Defendant Fajardoceballos and Defendant Serono is one of the key questions that will be determined by a jury in Tattnall County, and because inconsistent results may be obtained in the two separate forums if this Court hears Grange's request for Declaratory Judgment, Defendants Kathleen and Charles Wagner and Joshua Blake request that this Court dismiss Grange's Complaint for Declaratory Judgment or, in the alternative, stay this action until the resolution of the state court action in Tattnall County.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Applicable Standards

Under the Federal Declaratory Judgment Act, 28 U.S.C.A. §400, this Court has jurisdiction over the matter before it.  However, as the Supreme Court has stated, "It [is] under no compulsion to exercise that jurisdiction."  Brillhart v. Excess Insurance Company of America, 316 U.S. 491, 62 S. Ct. 1173 (1942).

Following up on Brillhart, the Supreme Court has made clear that "District courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Company, 515 U.S. 277, 115 S. Ct. 2137 (1995).

Further, the Supreme Court has stated:

> The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.
>
> Landis v. North American Company, 299 U.S. 248, 254-255, 57 S. Ct. 163 (1936).

Thus, under Wilton, Brillhart and Landis, the District Court is empowered with broad discretion in determining whether to dismiss or stay this declaratory judgment action in favor of

the parallel state court action. The issues presented in this case are better settled by the State Court of Tattnall County. Allowing these parallel proceedings to both continue will risk unnecessary commitment of scarce judicial resources, multiple legal expenditures, and quite possibly inconsistent adjudications.

>    B.    Because the Factual Question To Be Determined In This Action Is The Same As The Factual Question That Will Be Answered By A Jury In The State Court Action, This Action Should Be Dismissed or Stayed

In Brillhart, supra, the Supreme Court reinstated the decision of a District Court dismissing a declaratory judgment action in favor of a parallel state court action. Noting the existence of a separate action in state court, "in which all of the matters in controversy could be fully adjudicated," the Brillhart Court noted that "ordinarily it would be uneconomical, as well as vexatious, for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law between the same parties." Brillhart at 495.

In Wilton, supra, the United States Supreme Court revisited the Brillhart decision and reiterated that, "since its inception, the Declaratory Judgment Act has been understood to confer federal court's unique and substantial discretion in whether to declare the rights of litigants. Wilton. The court stated that the district courts have "substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings," and that, "in the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to the considerations of practicality and wise judicial administration." Id. at 286-288.

Various federal district courts throughout the state of Georgia have invoked their discretion under the Declaratory Judgment Act to dismiss declaratory actions under

circumstances where a state proceeding involves the same or some of the parties, along with similar or parallel legal or factual issues.  See, Great Lake Dredge and Dock Company v. Ebanks, 870 F. Supp. 1112 (S.D. Ga. 1994) (Motion to Dismiss granted because a state court action was pending which involved the same facts); and Leaseway Transportation Leasing Corp. v. Berry Industries, 581 F. Supp. 1225 (N.D. Ga. 1984) (the defendant, in a pending state court declaratory judgment action, filed a Complaint in federal court, and the federal court stayed the proceeding, as no matters of substantive federal law were involved and the state court case involved the same parties and issues).

The one factual issue that this Court must determine in order to decide whether the declaratory relief requested by Grange is appropriate is whether Defendants Fajardoceballos and Serrano[2], were employees of the Dasher entities or not.  Once this determination is made, there is no need for interpretation of the insurance contract.  This is the same factual issue to be determined by a jury in Tattnall County at the trial of the tort action.  In that action, the Wagners and Joshua Blake have alleged that the Dasher entities are responsible for the actions of Defendant Fajardoceballos pursuant to the doctrine of *respondeat superior* and that Defendant Fajardoceballos was an employee of the Dasher entities.  In order to make a determination as to whether the Dasher entities are liable pursuant to *respondeat superior*, the Tattnall County jury will have to decide whether Defendant Fajardoceballos was or was not an employee.  The jury's finding of fact on that issue will be determinative in that action as well as dictate whether Defendant Fajardoceballos is entitled to coverage under Grange's policy or not.  As an employee he would be entitled to coverage.  As a mere contractor, he would not.

---

[2] Again, the Wagner Defendants do not assert that Defendant Serrano was at any time an employee of the Dasher entities.  However, to the extent that Grange believes that is an issue, it is still one better and more efficiently decided in the upcoming trial in Tattnall County.

A similar issue arose in the case of Penn-America Insurance Company v. Coffee, 238 F.Supp.2d 744 (E.D. Va. 2003). The Coffee court noted that:

> In determining whether the exclusion applies, this Court must resolve the factual issues surrounding the altercation and the injury to Sizemore to determine whether Sizemore's injuries 'resulted from assault and battery.' These issues of causation are the very issues that must be litigated in the state court case, as well. If this action is allowed to proceed, both the federal and the state courts would be investing their respective resources in analyzing exactly the same set of facts using exactly the same law.

Coffee at 748.

The Eleventh Circuit has addressed these issues and created a list of factors that supports the "furtherance of the Supreme Court's admonitions in both Brillhart and Wilton." Ameritas Variable Life Insurance Company v. Roche, 411 F.3d 1328 (11th Cir. 2005). Noting that its list of factors was "neither absolute nor is any one factor controlling" and that the factors are "merely guideposts," the Roche court laid out nine factors to consider.

The first factor is the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts. Id. Clearly, here, the state has an interest in having the key facts affecting liability in a personal injury action under state law decided by a jury of its citizens.

The second Roche factor is whether the judgment in the federal declaratory action would settle the controversy. Id. Clearly, this is not the case here. No matter what this Court determines in relation to Grange Mutual's rights or obligations under the contract of insurance, the action in state court will continue. In fact, should this Court make a factual finding that Defendants Fajardoceballos and Serrano are not employees, and therefore not entitled to coverage under the Grange policy, the jury at the state court level could still find that those Defendants are employees. In such a case, Defendant Fajardoceballos and Defendant Serrano

would have judgments against them in a case where a jury specifically finds that they are employees of the Dasher entities which, by definition, would require coverage under the Grange policy. Yet this Court would have already ruled that no such coverage exists.

Defendant Fajardoceballos and Defendant Serono are faced with the untenable proposition of having themselves declared non-employees, and therefore, non-insureds by one court, while in another court a jury finds that they are employees and awards a judgment against them but having no coverage therefor.

The third Roche factor is whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue. Id. Given the fact that these same issues are to be determined at a jury trial in state court and that the results will dictate whether coverage exists or not, there is no useful purpose to this Declaratory Judgment action.

The fourth factor under Roche is whether the declaratory remedy is being used merely for the purpose of procedural fencing - that is to provide an arena for *res judicata* or to achieve a federal hearing in a case otherwise not removable. Id. Although unable to read the minds of Grange and its coverage counsel in this matter, the fact that sixteen months of litigation were allowed to proceed and this action was not filed until the matter had been placed on a Trial Calendar, tends to indicate that this action is being used for procedural purposes.

The fifth factor under Roche is whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction. Id. Again, as noted above, this Court is being asked to make a factual determination as to one of the primary issues that will be tried by a state court jury with the possibility of inconsistent results.

The sixth Roche factor is whether there is an alternative remedy that is better or more effective.  Id.  The alternative remedy here is to allow the state court action to proceed to trial at which time all of the questions Grange is asking this Court to decide will be determined.

The seventh Roche factor is whether the underlying factual issues are important to an informed resolution of the case. Id.  The only issue in this case is the underlying factual question as to Defendant Fajardoceballos's and Defendant Serrano's employment status.

The eighth Roche factor is whether the state trial court is in a better position to evaluate those factual issues than is the federal court.  Id.  Demonstrably, a jury of 12 people with the benefit of a full trial are in a much better position to make factual findings on issues such as this.

The ninth, and final, Roche factor is whether there is a close nexus between the underlying factual and legal issues in state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action. Id.  Simply put, there are no federal legal questions at issue in this case.

It is clear that the appropriate forum for the determination of the employment status, which is in turn determinative of the coverage issue Grange has attempted to raise, is much more appropriately determined by a jury in the State Court of Tattnall County than in a Federal Declaratory Judgment action.  Such a resolution will be not only determinative, but will come in relatively short order, as the state court case is essentially ready for Trial with the exception of some trial depositions.

There is one other issue which should inform the Court's decision on this matter and highlight the futility of Grange's Declaratory Judgment action.

Grange's initial Complaint in this action included a request for declaratory judgment that it not be required to provide coverage, or a defense, to its named insured, Shad Dasher, and the

Dasher entities. This initial Complaint was based on the same disputed set of facts as to whether Defendants Fajardoceballos and Serrano were or were not employees of the Dasher entities.

In its Amended Complaint, Grange has apparently dropped any contention that the Dasher entities would not be entitled to coverage by virtue of Defendant Fajardoceballos's and Defendant Serrano's employment status, one way or the other. Thus, if a jury returns a verdict finding that Defendant Fajardoceballos and Defendant Serrano, were employees of the Dasher entities, the Dasher entities would be liable under the doctrine of *respondeat superior*. There is no question that the Grange insurance policy would provide coverage to the Dasher entities in this scenario. Grange is not disputing this.

Moreover, the Dasher entities' liability and Grange's coverage thereof would extend to the entire amount of the verdict (within the limits of the policy, of course) as the Dasher entities would be liable for their employees' negligence, jointly and severally. This would be true whether or not this Court makes a factual finding that Defendant Fajardoceballos and Defendant Serrano are not employees and not entitled to coverage under the Grange policy. As a practical matter, the outcome of this declaratory judgment action to declare the rights of Grange vis-a-vis Defendant Fajardoceballos and Defendant Serono is pointless, except as a delay tactic or procedural posturing. With or without this court's ruling Grange's potential liability under its policy is no different.

In sum, there is nothing that Grange has put before this Court that will not be ultimately and finally decided in the trial of the state court action. The state court action has been litigated for over 16 months and is ready for trial. The courts of the State of Georgia have a much greater interest and relationship to the factual determinations that will decide the outcome of this matter than the federal court. Because it will save judicial resources and because for this Court to

proceed on these issues, which are not governed by federal law, would constitute gratuitous interference with the orderly and comprehensive disposition of the state court litigation, Grange Mutual's Complaint for Declaratory Judgment should be dismissed or, in the alternative, stayed until the resolution of the state court personal injury action.

Submitted this 15th day of October, 2012.

        **BOWEN, PAINTER & GORMAN, LLC**

        /s/ W. Andrew Bowen
        **W. ANDREW BOWEN**
        Georgia Bar No. 071398
        P.O. Box 8966
        Savannah, Georgia 31412
        Tel.: 912.335.1909
        Fax.: 912.335.3537
        andrew@bpg-law.com
        **ATTORNEY FOR DEFENDANTS**
        **KATHLEEN WAGNER, CHARLES WAGNER**
        **AND JOSHUA BLAKE**

## **CERTIFICATE OF SERVICE**

This is to certify that on this date I electronically filed this Certificate of Service for ANSWER OF DEFENDANTS KATHLEEN WAGNER, CHARLES WAGNER AND JOSHUA BLAKE TO PLAINTIFF'S COMPLAINT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Peter D. Muller, Esq.
Goodman McGuffey Lindsey & Johnson, LLP
3340 Peachtree Road, NE, Suite 2100
Atlanta, GA 30326-1084
pmuller@gmlj.com

George H. Rountree, Esq.
Kathy L. Anderson, Esq.
Brown & Rountree, PC
P.O. Box 1988
Statesboro, GA 30459
george@br-firm.com
kathy@br-firm.com

**DATED** this 15th day of October, 2012.

**BOWEN, PAINTER & GORMAN, LLC**

/s/ W. Andrew Bowen
Georgia Bar No. 071398
P.O. Box 8966
Savannah, Georgia 31412
Tel.:   912.335.1909
Fax.:   912.335.3537
andrew@bpg-law.com
**ATTORNEY FOR DEFENDANTS
KATHLEEN WAGNER, CHARLES WAGNER
AND JOSHUA BLAKE**