UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GRANGE MUTUAL CASUALTY COMPANY,

Plaintiff,

v.                         6:12-cv-63

SHAD DASHER, individually; KARIN DASHER, individually; VIDALIA ORGANICS, INC. a/k/a SHAD and KARIN DASHER d/b/a GLENNVILLE PRODUCE CO.; MARIA SERRANO; J. ENEDINO FAJARDOCEBALLOS; KATHLEEN WAGNER, CHARLES WAGNER, JOSEPH BLAKE; METROPOLITAN GROUP PROPERTY & CASUALTY INSURANCE,

Defendants.

## ORDER

### I. INTRODUCTION

Before the Court are Defendants Kathleen Wagner, Charles Wagner, and Joshua Blake's ("Defendants") Motion to Dismiss Or, in the Alternative, Motion to Stay. ECF No. 30. Defendants request dismissal of this declaratory judgment action because ongoing state court proceedings allegedly constitute a more appropriate forum for resolution of this dispute. *See* ECF No. 31 at 10-11. The Court cannot completely agree and for the following reasons **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

The Court exercises jurisdiction over this case pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201. Defendants do not contest venue or jurisdiction and the Court finds allegations sufficient to support both.

### II. BACKGROUND

#### A. The Dasher/Glennville Produce Policy With Grange

From December 1, 2009 to December 1, 2010, Grange Mutual Casualty Company ("Grange") provided farm insurance to "Shad & Karin Dasher DBA Glennville Produce." ECF Nos. 15 at 4; 1-1 at 3. The policy "provides liability coverage for . . . those sums that the 'insured' becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." ECF No. 15 at 8-9. The policy defined "insured" as:

> a. "Insured" means you, and if you are:
> (1) An individual, "insured" also means the following members of your household:
>   (a) Your relatives;
>   (b) Any other person under the age of 21 who is in the care of any person specified above.
> (2) A partnership or Joint venture, "insured" also means your members and your partners and their spouses, but only with respect to the conduct of your "farming" operations;
> (3) An organization other than a partnership or joint venture, "insured" also means:
>   (a) Your executive officers and directors, but only with respect to their duties as your officers and directors; and

(b) Your stockholders, but only with respect to their liability as stockholders.

No person or organization is an "insured" with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

b. "Insured" also means any of your employees (other than executive officers), but only for acts that
(1) Cause "bodily injury" or "personal injury" to someone other than you or a co-employee; and
(2) Are within the scope of the employee's employment by you. The providing of professional health care services or the failure to provide them will not be considered to be within the scope of any employee's employment by you.

ECF 15 at 9-10. Not until May of 2010 did the policy's coverage of bodily injury and property damage become an issue for either Grange or the Dashers and their onion farm.

### B. Underlying Incident

At about 9:30 pm on May 12, 2010, J. Enedino Fajardoceballos ("Fajardoceballos") drove east along State Road 196 in Tattnall County, Georgia, in a 2006 SkyTrak Forklift. ECF Nos. 31 at 1; 15 at 5. A Chevy Uplander, driven by Kathleen Wagner and containing Charles Wagner and Joseph Blake, approached from the rear. ECF Nos. 15 at 5; 15-8 at 4. The Uplander struck the rear of the forklift, injuring its occupants. ECF Nos. 15-8 at 4; 15 at 6. That accident spawned three lawsuits: one in Tattnall County State Court, one in Gwinnett County State Court, and the instant declaratory judgment action. See ECF No. 15 at 5.

### C. The State Court Lawsuits

On April 29, 2011, in Tattnall County, Georgia, the Wagners and Blake ("Wagner Plaintiffs") brought suit against Shad Dasher ("Dasher"), Vidalia Organics, Inc., Maria Serrano, and Fajardoceballos. ECF No. 15-8 at 2. The Wagner Plaintiffs alleged that Vidalia Organics—a company owned and operated by Dasher that runs his farm—rented the forklift involved in the accident to use in its farming operation. ECF No. 15-8 at 4. They also alleged that Fajardoceballos was an employee of Vidalia Organics, Dasher, and Maria Serrano. Id. Dasher, on the other hand, contends Fajardoceballos constituted an independent contractor, not an employee, of Dasher, Glennville Produce, and Vidalia Organics ("Dasher entities"), at the time of the accident. ECF No. 15 at 10.

The Wagner Plaintiffs claimed the forklift driven by Fajardoceballos lacked "lights, signage, or escorts that would make it visible at night." ECF No. 15-8 at 5. They further alleged that Dasher and Vidalia Organics knew or should have known the forklift "was not designed for safe operation on [Georgia] roadways." ECF No. 15 at 6. Despite that knowledge, Vidalia Organics and Dasher allegedly "entrusted Fajardoceballos with the forklift and instructed him to operate [it] at night on State Road 196." Id. at 6.

The Wagner Plaintiffs brought claims of negligence and negligence per se against Fajardoceballos, and claims of respondeat superior liability, negligent hiring and

2

retention, negligent entrustment, and negligent supervision against Dasher and Vidalia Organics. ECF No. 15-8 at 5-8. "Grange [Mutual Insurance Company] is providing a defense to Vidalia Organics, Inc. and Shad Dasher, both d/b/a Glennville Produce Co., Maria Serrano, and Mr. Fajardoceballos in the Wagner Action *under reservations of rights*." ECF No. 15 at 7 (emphasis added).

The Tattnall County suit "has been actively litigated since" its filing, ECF No. 31 at 2, and currently sits on the trial calendar for the state court's December trial term.[1] *Id.*

In Gwinnett County, Metropolitan Group Property and Casualty Insurance a/s/o Kathleen Wagner filed a "subrogation action to collect from Fajardoceballos and RSC Equipment Rental, Inc. ("RSC") for the property damages Kathleen Wagner" sustained in the accident. ECF No. 15 at 7. RSC then filed a third-party complaint against "Shad Dasher d/b/a Glennville Produce Co., and Vidalia Organics, Inc. d/b/a Glennville Produce Co.," alleging that Glennville rented the forklift from RSC and agreed to indemnify RSC against any personal injury or property damage claims arising out of the use of the forklift. *Id.* Both the Gwinnett and Tattnall cases remain ongoing at present. Plaintiff Grange, however, is associated only with—and even then only as a provider of a defense under reservation of rights—the Tattnall County action.

### D. Grange's Declaratory Judgment Action

Approximately sixteen months after the Wagner Plaintiffs (in this action, the Defendants) initiated the Tattnall County suit, Grange filed this declaratory judgment action. *Compare* ECF No. 1 (filed August 14, 2012), *with* ECF No. 15-8 (showing filing date for Tattnall County suit as April 29, 2011).

Grange requests this Court "declare that [under the terms of the policy] there is no coverage in connection with the loss(es) arising out of the" forklift accident. ECF No. 15 at 12. Grange also requests a declaration that it is "not obligated to defend, indemnify or expend any sums on behalf of Maria Serrano or Mr. Fajardoceballos." *Id.* More specifically, Grange argues that Fajardoceballos and Maria Serrano were not employees of any of the Dasher entities and so were not "insureds" under the policy. *Id.* at 10; ECF No. 34 at 6.

Defendants responded by moving to dismiss, or in the alternative stay, this case. ECF No. 30. They argue that the issue of Fajardoceballos's employment status with the Dasher entities "will be determined by a jury in Tattnall County," and thus this Court should defer to the state court action. ECF No. 31 at 2-4. If this Court elects not to defer, the Wagner Defendants fear inconsistent results in two separate forums on the employment status issue. *Id.* at 4.

Defendants further contend that "Grange is not asking this Court to interpret the terms of the insurance policy in question and rule on what the terms mean." *Id.* at 3. Instead, Defendants claim "Grange has brought this action" to ask this Court "to make a factual determination as to whether . . .

---

[1] Grange disputes this trial timetable. Grange claims "that the State Court of Tattnall County will not be holding a calendar call for civil jury trials until March 2013." ECF No. 34 at 7 (emphasis in original).

3

Fajardoceballos" is an employee "of any of the Dasher entities." *Id.* According to Defendants, this case is simple: If Fajardoceballos was an employee, coverage under the Grange policy obtains. If not, no coverage. *Id.* Simple or not, the Court turns now to evaluating the merits of the Defendants' motion to dismiss.

## III. ANALYSIS

The Court first sets forth the legal framework for deciding declaratory judgment actions. The Court then evaluates Grange's request for a declaration as to its duty to indemnify or provide coverage. Lastly, the Court evaluates Grange's request for a declaration as to its duty to defend.

### A. Declaratory Judgment Actions

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a) (emphasis added). Because the Constitution limits the federal judicial power to concrete cases or controversies, the threshold question in a declaratory judgment action is whether an actual controversy exists. *See Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995).

This case has two issues that may present actual controversies. First, Grange asks this Court to declare that it has no duty to indemnify Fajardoceballos or Cerrano.[2] ECF No. 15 at 12. Second, Grange seeks a declaration that it has no duty to defend Fajardoceballos or Serrano. *Id.* These two issues, however, no matter that they may share some factual underpinnings, are not two sides of the same coin. Nevertheless, an actual controversy exists as to each.

A controversy exists as to Grange's duty to indemnify or provide coverage. Grange disclaims that obligation and Defendants assert Grange is so obligated. *See id.*; ECF No. 31 at 2-3. Even absent a judgment as to the liability of Defendants, the dispute over Grange's duty to indemnify constitutes an actual controversy for purposes of declaratory relief. *See Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

"[A] controversy exists regarding the duty to defend when the insured seeks a defense from an insurance company, but the insurance company denies that it is obligated." *State Farm Fire and Cas. Co. v. Myrick*, No. 2:06-cv-359, 2007 WL 3120262, at *2 (M.D. Ala. Oct. 23, 2007) (citing *Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Co.*, 280 F.2d 453, 461 (5th Cir. 1960)).[3] Grange denies that very obligation. *See* ECF No. 15 at 12. That Grange currently provides a defense to Defendants and Fajardoceballos does not eliminate the controversy because Grange only does so under reservation of rights. *Id.* at 7; *see World Harvest Church, Inc. v. GuideOne Mut. Ins. Co.*, 287 Ga. 149, 152 (2010) (holding that an insurer can avoid being estopped from denying a defense by

---

[2] Grange also asks the Court to declare that the policy provides no coverage for any losses arising out of the forklift accident. *See* ECF No. 15 at 12. Questions about coverage are subsumed within the indemnity issue and the Court treats them together.

[3] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions handed down before October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

"inform[ing] 'the insured that, notwithstanding [the insurer's] defense of the action, it disclaims liability and does not waive the defenses available to it against the insured.'").

Because actual controversies exist here, the Court has jurisdiction to award the requested relief. The Declaratory Judgment Act, however, is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (citations and quotations omitted).

To determine the propriety of abstaining from the exercise of jurisdiction, courts must ask "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). "[W]here another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties," "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit." *Id.* At the other end of the spectrum, "[i]t is an abuse of discretion . . . to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist." *Fed. Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1236, 1247 (11th Cir. 2000).[4]

No parallel state court action exists here. Grange is not a party to either the Tattnall or Gwinnett County actions. But state court proceedings, though not parallel, do exist and may warrant deference. Although concerns for comity therefore do not dictate abstention, the Court nevertheless retains a limited form of discretion should a particular issue "better be settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495. The Court turns now to an evaluation of Grange's duty to indemnify.

### B. Duty to Indemnify

In cases, like this one, involving insurance coverage, the duty to defend and the duty to indemnify are distinct and analyzed separately. *See City of Atlanta v. St. Paul Fire & Marine Ins. Co.*, 231 Ga. App. 206, 208 (1998) ("An insurer's duty to defend and its duty to indemnify are separate and independent obligations.").[5] And the duty to indemnify "is triggered only when the insured is determined to be liable for damages within the policy's coverage." *Erie Indem. Co. v. Acuity Mut. Ins. Co.*, No. 1:06-cv-0174, 2006 WL 2048310, at *2 (N.D. Ga. July 19, 2006).

In fact, the Eleventh Circuit—in distinguishing between the actual controversy requirement and the "discretion of federal courts exercising jurisdiction over declaratory

---

[4] Grange cites *Thomas* for the proposition that a district court abuses its discretion "if it dismisses the [declaratory judgment action] where no parallel state court action exists." ECF No. 34 at 3. *Thomas* stands for no such thing. The federal bank party there had a statutory right to a federal forum for any dispute involving it. *See* 220 F.3d at 1245. Quite simply, there was no state forum to defer to after the bank properly removed the state action at issue. *Id.* In abstaining from hearing the request for declaratory relief in favor of the state forum, the district court therefore necessarily abused its discretion. *Id.* But it did not do so because of a lack of a *parallel* state proceeding.

[5] This Court must apply Georgia's choice of law rule in this case. *See World Holdings, LLC v. Fed. Republic of Ger.*, -- F.3d --, 2012 WL 5512377, at *9 (11th Cir. Nov. 15, 2012) (holding that federal courts must apply the choice of law rules of the state in which they sit). And that rule dictates that Georgia law governs the interpretation of an insurance contract issued to a Georgia insured. *See Fed. Ins. Co. v. Nat'l Distrib. Co.*, 203 Ga. App. 763, 765 (1992).

5

judgment actions"—"has cautioned against the exercise of jurisdiction in suits for declaratory judgment when the question of . . . insurance coverage may never arise due to the lack of a judgment establishing the liability of the insured." *Edwards v. Sharkey*, 747 F.2d 684, 686 (11th Cir. 1984) (citing *Pennsylvania Threshermen*, 280 F.2d at 461).

Many district courts have heeded that cautionary advice and declined to decide questions of insurance coverage "when the underlying [liability] action is pending." *Myrick*, 2006 WL 3120262, at *2 (refusing to answer indemnification question, and granting the insured's motion to dismiss on that issue because the state court had yet to make a decision on the insured's liability); *see also Emp'rs Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc.*, 387 F. Supp. 2d 1205, 1211-1212 (S.D. Ala. 2005) ("It is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insured's liability. . . ."); *Allstate Indem. Co. v. Lewis*, 985 F. Supp. 1341, 1349-50 (M.D. Ala. 1997) (declining to reach indemnity issue as an exercise of discretion under Declaratory Judgment Act while still reaching issue of insurer's duty to defend); *Great N. Paper Co. v. Babcock & Wilcox Co.*, 46 F.R.D. 67, 70 (N.D. Ga. 1968) (refusing to decide "questions of insurance coverage and liability for indemnification" when the insured's liability "may never occur.").

Courts in other circuits also have declined to reach questions of coverage when a state court action deciding liability remains pending. *See Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003) ("We regularly say that decisions about indemnity should be postponed until the underlying liability has been established."); *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995) (finding duty to indemnify issue not ripe for adjudication until the insured is held liable in the underlying suit); *Am. States Ins. Co. v. Component Techs. Inc.*, 420 F. Supp. 2d 373, 374 (M.D. Pa. 2005) ("As a general rule, a court entertaining a declaratory judgment action in an insurance coverage case should refrain from determining the insurer's duty to indemnify until the insured is found liable for damages in the underlying action.").

This Court too chooses to follow the Eleventh Circuit's warning. No liability has been established yet in the Tattnall County action. Should the defendants in that case prevail, any decision by this Court on the issue of coverage would be moot and a waste of judicial resources. And wasteful this Court will not be. The Court therefore **DECLINES** to exercise jurisdiction over questions of indemnity and coverage involving Grange's policy with the Dasher entities. Defendants' motion to dismiss is **GRANTED IN PART** and Grange's request for declaratory relief as to its coverage and indemnity obligations is **DISMISSED WITHOUT PREJUDICE**.

### C. Duty to Defend

The same rationale that applies to declining decision on questions of coverage does not, however, apply equally to questions surrounding the duty to defend. If the Court decides Grange's defense obligations under the policy, it does not risk issuing an opinion that the state court action later moots, as it would if it decided Grange's indemnity obligation. *See Hoover v. Maxum Indem. Co.*, 291 Ga. 402, 407-08 (2012) (holding that an insurer's duty to defend is determined by

6

comparing policy language with a complaint's allegations). "[T]he issue [of the duty to defend] is not whether the insured is *actually liable* to the plaintiffs in the underlying action; the issue is whether a claim has been asserted which falls within the policy coverage and which the insurer has a duty to defend." *HDI-Gerling Am. Ins. Co. v. Morrison Homes*, --- F.3d ---, No. 10-14637, 2012 WL 5834882, at *3 (11th Cir. Nov. 19, 2012) (citing *Bituminous Cas. Corp. v. N. Ins. Co. of N.Y.*, 249 Ga. App. 532, 533 (2001)) (emphasis in original). So whether the Defendants and Fajardoceballos are ultimately liable for the forklift accident or not, Grange's defense obligations remain the same.

Even if adjudicating Grange's duty to defend requires this Court to examine Fajardoceballos's employment status[6]—an issue the jury in the Tattnall County case may also decide—the overarching issues in this case and the Tattnall County action remain different. Here, the Court is being asked to declare whether Grange has an obligation to defend the Dasher entities, Maria Serrano, and Fajardoceballos in the Tattnall County action. *See* ECF No. 15 at 12. In that case, by contrast, the state court has before it claims of respondeat superior liability, negligent hiring and retention, negligent entrustment, and negligent supervision. ECF No. 15-8 at 5-8.

Although the Dasher entities' liability on the respondeat superior claim turns in one part on Fajardoceballos's employment status, it also requires that Fajardoceballos have been acting in the course and scope of his employment. *See Broadnax v. Daniel Custom Const., LLC*, 315 Ga. App. 291, 296 (2012). Negligent hiring, supervision, and retention claims require, in addition to Fajardoceballos being an employee, that the Dasher entities knew or should have known Fajardoceballos posed a reasonably foreseeable risk of harm to people in the Defendants' situation. *See Drury v. Harris Ventures, Inc.*, 302 Ga. App. 545, 548 (2010). And the negligent entrustment claim does not turn at all on Fajardoceballos's employment status. *See Ga. Messenger Serv., Inc. v. Bradley*, 302 Ga. App. 247, 250 (2010) ("Under the doctrine of negligent entrustment, a party is liable if he entrusts someone with an instrumentality, with actual knowledge that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness."). While the issue of Grange's duty to defend may—but very likely does not—share one factual element with the claims Defendants assert in Tattnall County, they remain sufficiently distinct to warrant this Court's exercise of discretion to decide the former.

Defendants also point to nine factors laid out by the Eleventh Circuit in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005), and argue they support deferring to the Tattnall County action.[7] *See*

---

[6] As discussed *infra* at 8, a final decision on Grange's duty to defend very likely will not require a factual finding on the issue of Fajardoceballos's employment status.

[7] Those factors are:
(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
(2) whether the judgment in the federal declaratory action would settle the controversy;

ECF No. 31 7-9. But the *Ameritas* factors were designed to address when courts should decline to hear declaratory judgment actions in favor of *parallel* state court actions. *Ameritas*, 411 F.3d at 1330-31. This case and the Tattnall County case do not involve the same parties or all the same issues and as a result many of the *Ameritas* factors do not apply. *See Erie Indemnity*, 2006 WL 2048310, at *3. The ones that do apply do not decisively counsel in favor of deference to the Tattnall County action.[8]

---

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" –that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
(6) whether there is an alternative remedy that is better or more effective;
(7) whether the underlying factual issues are important to an informed resolution of the case;
(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

411 F.3d at 1331.

[8] The Eleventh Circuit never intended for the *Veritas* factors to be an exclusive list of things to consider in deciding whether to hear a declaratory relief action. *See id.* ("Our list is neither absolute nor is any one factor controlling; these are merely guideposts in furtherance of the Supreme Court's admonitions in *Brillhart* and *Wilton*."). Helpful guides though they may be in some actions, the *Veritas* factors do not persuade the Court to abstain in this case from deciding whether Grange has a duty to defend.

The question of Grange's duty to defend would not "better be settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495. The Court therefore **DENIES** Defendants' motion to dismiss insofar as it asks this Court to refrain from deciding that issue.[9]

## IV. CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. The Court **RETAINS** jurisdiction to decide whether Grange has an obligation to defend the Dasher entities and Fajardoceballos. The Court, however, **DECLINES** to declare whether Grange's policy with the Dasher entities provides coverage for any losses associated with the forklift accident at the center of the Tattnall County case. Accordingly, the portion of Grange's complaint requesting declaratory relief as to its coverage and indemnity obligations is **DISMISSED WITHOUT PREJUDICE**. Defendants' motion to stay is **DENIED**.

This 7 day of January 2013.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[9] The Court also **DENIES** Defendants' request for a stay of this action. The issue of Grange's duty to defend will not arise in either the Tattnall or Gwinnett County actions. Staying this action would not further the goal of comity or judicial economy.

8